UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YAKOV MAGDALASOV,

        Plaintiff,

        v.

BYTEDANCE INC.,

        Defendant.

---

Case No. 1:25-cv-04243

**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff Yakov Magdalasov ("Plaintiff"), appearing pro se, respectfully alleges as follows:

PART I: JURISDICTION AND VENUE

Plaintiff brings this action exclusively under the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL). Plaintiff does not assert any causes of action under federal law. Accordingly, this Court lacks subject matter jurisdiction and this action should be remanded to New York State Supreme Court.

Venue was originally proper in New York County, where Defendant maintains offices and where a substantial part of the events giving rise to these claims occurred.

PART II: FACTUAL BACKGROUND

Plaintiff is a Talent Development Lead for ByteDance Inc., based in New York City.

Plaintiff identifies as an immigrant, member of the LGBTQ+ community, and has been diagnosed with a disability related to mental health.

On March 13, 2025, ByteDance presented Plaintiff with a severance package and asked him to agree to a mutual separation. When Plaintiff expressed disagreement and inquired about alternative options or accommodations, he was immediately threatened with placement on a formal Performance Improvement Plan and given an ultimatum: either accept the package or the

company initiates a one-month Performance Improvement Plan with the exit date of April 14, 2025.

Upon review of the written summary accompanying the performance ultimatum issued in March 2025, Plaintiff discovered that Defendant had evaluated his performance based on the expectations of a "Talent Management Project" role at level 2-2. However, Plaintiff was hired into the role of Talent Development Lead, and the 2-2 level was never discussed during hiring, never included in the offer letter, and was not disclosed until Plaintiff accidentally discovered it in the internal HR system. The level designation was treated as confidential, leaving Plaintiff unaware of the criteria by which he was being judged.

Plaintiff later learned that peers with comparable or significantly less experience across the organization were assigned higher levels. The assignment of a low and undisclosed level to Plaintiff — which does not correspond to his seniority, experience, or responsibilities — further supports his claim that Defendant's evaluation framework was both arbitrary and misaligned, and used as a pretext to justify adverse action. The combination of concealed role expectations and disproportionate leveling indicates a broader pattern of structural inequity and suggests Plaintiff was systematically disadvantaged from the outset.

The following day, March 14, 2025, Plaintiff initiated short-term disability leave due to the mental health impact of the workplace conflict.

Plaintiff's claim for leave from March 14 through May 12, 2025, was supported by timely physician documentation, including interim office notes submitted on April 18, 2025, as specifically requested by the plan administrator. The request and submission of updated medical documentation as well as the initial approval directly contradict the insurer's later claim denial and further suggest that the process was not being handled in good faith.

Plaintiff received partial pay until April 25, 2025, which represented the last payroll payment issued directly by his employer. However, no disability payments or salary were issued after that date.

On May 6, 2025, while attempting to follow up on a delayed payment, Plaintiff was informally told that his short-term disability claim had been denied retroactively beginning April 12, 2025. This critical information was not proactively communicated to Plaintiff and was only revealed as a result of his inquiry, further suggesting a breakdown in process and transparency.

On May 21, Plaintiff received the formal denial letter.

The denial appears to have been based not on medical review, but on an internal assumption that Plaintiff's employment was ending on April 14 — per ByteDance's March 13 ultimatum — despite the fact that Plaintiff was on protected leave.

On May 9, Plaintiff formally requested an extension of medical leave through August 11, 2025, which was reflected in the system, but no examiner ever contacted Plaintiff, nor were instructions provided to submit supporting documentation despite multiple outreach efforts.

Plaintiff submitted an appeal on May 22 and emailed ByteDance HR on May 21 regarding both the benefits denial and lack of examiner response. Plaintiff received no reply.

As of the date of this filing, Plaintiff remains unpaid and in a state of procedural limbo despite multiple efforts to seek clarification and remedy.

Plaintiff filed a Verified Complaint in New York State Supreme Court on May 12, 2025. Defendant removed the case to this Court on May 20, 2025.

PART III: CAUSES OF ACTION

Count I: Retaliation and Discrimination in Violation of the New York State Human Rights Law (NYSHRL)

Plaintiff restates and incorporates all preceding paragraphs.

Plaintiff filed a complaint with the New York State Division of Human Rights on January 11, 2025. This followed an earlier demand letter submitted by Plaintiff's attorney to ByteDance on May 28, 2024, which raised concerns about discrimination and retaliation but failed to produce any resolution or meaningful dialogue.

Following these filings, Plaintiff experienced loss of pay, denial of claim, and exclusion from procedural protections typically afforded to employees on disability leave.

ByteDance's silence in response to repeated HR inquiries, including Plaintiff's May 21 email, constitutes retaliatory conduct under the NYSHRL.

Count II: Retaliation and Discrimination in Violation of the New York City Human Rights Law (NYCHRL)

Plaintiff restates and incorporates all preceding paragraphs.

Defendant's conduct, including the March 13 ultimatum, failure to engage in the leave extension process, and continued exclusion from communication and process protections, constitutes discriminatory and retaliatory behavior in violation of the NYCHRL.

PART IV: RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Remand this action to the New York State Supreme Court, New York County; B. Declare that Defendant's actions violated the NYSHRL and NYCHRL; C. Order reinstatement to full

3

employment status, or alternatively, place Plaintiff on paid administrative leave pending resolution of claims; D. Award back pay and lost income beginning April 11, 2025; E. Award compensatory damages for emotional distress; F. Award any further relief this Court deems just and proper; G. Award reasonable costs incurred by Plaintiff.

Respectfully submitted,

Yakov Magdalasov

*/s/ Yakov Magdalasov*

Dated: June 2, 2025