UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAKOV MAGDALASOV,<br><br>         Plaintiff,<br><br>  -against-<br><br>BYTEDANCE INC.,<br><br>         Defendant. | 25-CV-4243 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 Defendant ByteDance Inc. removed this case from the Supreme Court of New York, New York County. Dkt. 2. Shortly thereafter, *pro se* plaintiff Yakov Magdalasov amended his complaint twice. Dkts. 5, 9. He also moved for remand and the issuance of a temporary restraining order and preliminary injunction. Dkts. 8, 12. ByteDance opposed both motions. Dkt. 25.

 **1. The motion to remand is denied.**

 The Court addresses the motion to remand first "because the remand motion challenges the Court's jurisdiction to hear this case." *Shorts v. Cedars Bus. Servs., LLC*, 767 F. Supp. 3d 96, 102 (S.D.N.Y. 2025) (citation omitted). "If the Court does not have jurisdiction, it does not have the power to decide" other motions. *Id.* (citation omitted). The Court notes that Magdalasov's "state court complaint was filed pro se, and must be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Moskovits v. Grigsby*, 2020 WL 3057754, at *3 (S.D.N.Y. June 9, 2020) (quoting *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008)). "[P]leadings of a pro se party should be read 'to raise the strongest arguments that they suggest.'" *Id.* (quoting *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010)). And the Court "evaluate[s] [ByteDance's] right to remove [the] case to federal court at the time the removal notice [was] filed," based on the allegations in the state-court complaint. *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003); *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 100–01 (2d Cir. 2015) ("After proper removal to federal court, post-removal amendments generally do not destroy statutory subject-matter jurisdiction.").

 ByteDance removed this case based on both diversity and federal-question jurisdiction. Magdalasov moves to remand on three grounds. First, he argues that there is no federal claim in his case. Second, he says that ByteDance, while incorporated in the United States, is "entirely owned by . . . a foreign corporation incorporated in the Cayman Islands" with a "central executive team . . . located in China." Dkt. 19 at 4. "[T]he controlling entity's foreign nexus disrupts the complete diversity required under 28 U.S.C. § 1332," he argues. *Id.* at 5. And finally, he points to the timing of the removal "on the eve of a critical hearing in state court," which "implies bad faith." *Id.* at 5–6.

The Court has subject-matter jurisdiction over this case. 28 U.S.C. § 1332(a) has two requirements for diversity jurisdiction: 1) the amount in controversy "exceeds the sum or value of $75,000" and 2) the action is between "citizens of different States," "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State," or "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

Magdalasov's motion to remand doesn't challenge the amount-in-controversy requirement, but his Second Supplemental Declaration "stipulate[s] . . . for the limited purpose of jurisdictional analysis[] that [he] do[es] not seek damages in excess of $75,000 in this action." Dkt. 17 at 1. The Court construes this as a challenge to the amount-in-controversy requirement given Magdalasov's *pro se* status. "In actions seeking declaratory or injunctive relief," as is the case here, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc.*, 522 F. Supp. 3d 4, 6 (S.D.N.Y. 2021) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). "A district court, in determining removability, may consider 'documents appended to a notice of removal or a motion to remand that convey information essential to the courts' jurisdictional analysis.'" *Id.* at 7 (quoting *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010)). In his state-court complaint, Magdalasov's requested relief focuses on maintaining or reinstating his employment and benefits at ByteDance. Dkt. 2-1. In an affidavit, Magdalasov provides documents showing that his salary at ByteDance was $202,000 a year, along with a target annual bonus of 25% of that base salary. Dkt. 18 at 5. Even without consideration of the restricted share units (RSUs) for which Magdalasov is eligible, *id.*, or the value of employment benefits, maintaining his employment at ByteDance is clearly worth more than $75,000 to Magdalasov. So the amount-in-controversy requirement is met despite Magdalasov's post-removal insistence that he seeks less than $75,000. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) ("[A] plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied.").

And as to the diversity requirement, Magdalasov says that he is a "citizen of the Russian Federation with asylee status in the United States." Dkt. 8 at 1. He admits that ByteDance is a "Delaware-incorporated entity with its principal place of business in California." Dkt. 19 at 3. 28 U.S.C. § 1332(c)(1) clearly states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." So ByteDance is a citizen of Delaware and California. Magdalasov argues that because ByteDance has a foreign parent, its "nerve center" is foreign, and thus it is a foreign citizen as well. Dkt. 19 at 4–5. But in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court emphasized that the principal place of business is the corporation's "nerve center." *Id.* at 92–93. And here, there is no dispute that the principal place of business is in California. Because 28 U.S.C. § 1332(a) allows the diversity requirement to be satisfied when an action is

2

between "citizens of a State and citizens or subjects of a foreign state," there is complete diversity here between Madalasov (foreign citizen) and ByteDance (Delaware and California citizen).

Because the Court has subject-matter jurisdiction on the basis of diversity jurisdiction, it does not proceed to the issue of federal-question jurisdiction. Magdalasov also argues that the procedural context of the removal suggests bad faith. Nothing in his allegations suggests that ByteDance acted in bad faith, and Magdalasov's request for fees pursuant to 28 U.S.C. § 1447(c) is denied given that his motion for remand is denied.

### 2. The motion for a temporary restraining order and preliminary injunction is denied.

Magdalasov also moves for a temporary restraining order and preliminary injunction preventing ByteDance from terminating him while the case is pending, requiring ByteDance to put him on paid administrative leave or retain him on the payroll, and directing ByteDance to process his short-term disability appeal.

"It is well established that the standard for entry of a temporary restraining order is the same as for a preliminary injunction." *AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Magdalasov's motion fails because he can't show irreparable harm. The irreparable harm Magdalasov identifies in his application is "[t]ermination or continued exclusion without pay during a period of medically supported leave," which will lead to "income loss, inability to complete the leave extension process, and the psychological distress caused by retaliatory actions." Dkt. 12 at 4. But "the injuries that generally attend a discharge from employment . . . do not constitute the irreparable harm necessary to obtain a preliminary injunction." *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992); *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021) ("It is well settled . . . that adverse employment consequences are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages."). And "[a]lthough emotional harm can constitute irreparable harm, [Magdalasov's] 'vague and conclusory allegations of injury do not suffice.'" *Vaughn v. N.Y.C. Transit Auth.*, 2024 WL 2852225, at *1 (S.D.N.Y. June 3, 2024) (citation omitted).

For the reasons stated above, the motion to remand and the motion for a temporary restraining order and preliminary injunction are DENIED. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 8, 12, 31, and 32. The Clerk of Court is also respectfully directed to modify the case caption to reflect Magdalasov's spelling of his name.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this opinion would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 24, 2025
New York, New York

                                              ARUN SUBRAMANIAN
                                              United States District Judge